IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FREDDY RIOS-PEREZ,

       Petitioner,

vs.                            CIVIL ACTION NO.: CV211-049

ANTHONY HAYNES, Warden,

       Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Freddy Rios-Perez ("Rios-Perez") who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Rios-Perez filed a Reply. For the reasons which follow, Rios-Perez's petition should be **DENIED**.

## STATEMENT OF THE CASE

On April 21, 2004, Rios-Perez was arrested by local authorities of the Commonwealth of Puerto Rico on drug charges. (Doc. No. 7-1, p. 2). He was released on bond the following day. (Id.). He returned to state custody on January 28, 2005, when he was arrested for failure to comply with his bond conditions. (Id.). On February 25, 2005, Rios-Perez was sentenced to nine years' imprisonment for violation of the Puerto Rico Controlled Substances law. (Id.). On June 30, 2005, Rios-Perez was indicted in the federal district court for the District of Puerto Rico for a conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. United States v. Gonzalez-Mass, et

AO 72A
(Rev. 8/82)

al., CR3:05-228, Doc. No. 2. On July 21, 2005, Rios-Perez was temporarily released from state custody to the United States Marshal Service, pursuant to a federal writ of habeas corpus ad prosequendum, for his initial appearance and arraignment on the federal charges. (Doc. No. 7-1, pp. 9-10).

After pleading guilty, Rios-Perez was sentenced on December 8, 2006 by the federal district court. Gonzalez-Mass, CR3:05-228, Doc. Nos. 500, 650. Rios-Perez received a sentence of eighty months' imprisonment to be served concurrent to the state sentence. (Id.). Rios-Perez was returned to state custody on February 9, 2007, in satisfaction of the federal writ. (Doc. No. 7-1, p. 3). On December 10, 2009, Rios-Perez's service of his state sentence was complete, and he was released to the U.S. Marshal Service for delivery to the Federal Bureau of Prisons ("BOP") in order to serve the remainder of his federal sentence. (Id.). Pursuant to 18 U.S.C. § 3621(b), the BOP granted a *nunc pro tunc* designation of Rios-Perez's state facility for service of his federal sentence. (Id. at p. 18). By that designation, Rios-Perez received credit against his federal sentence for every day he spent in custody since his federal sentencing on December 8, 2006.

In the instant petition, Rios-Perez faults the BOP for denying him credit for two periods he spent in custody prior to the commencement of his federal sentence. While he does not identify the challenged periods in his § 2241 motion, the administrative remedy attachments to his motion identify them as: (1) April 21 to April 22, 2004 (the date of his arrest by local officials on state charges through the date he was released on bond for those state charges); and (2) January 28 to December 8, 2006 (the date of his

AO 72A
(Rev. 8/82)

2

arrest by local officials for violation of his state bond conditions through the date of his federal sentencing). (Doc. No. 1, pp. 13, 15, 17).

Respondent asserts the BOP correctly determined Rios-Perez was not entitled to any credit for those periods because he was in the primary custody of state authorities and the time was credited towards his state sentence. (Doc. No. 7).

## DISCUSSION AND CITATION TO AUTHORITY

A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11 Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Only under limited circumstances is credit for time served prior to the commencement of a federal sentence appropriate. The relevant statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Thus, under § 3585(b), a prerequisite to receiving credit for time served prior to the commencement of a federal sentence is that the time not be credited against any other sentence. The Supreme Court has explained that when Congress enacted 18 U.S.C. § 3585 it "made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also Howard v. United States, 420 F.2d 478, 480 (5th Cir. 1970) (where prisoner was serving state sentence and appeared in federal court on writ, he is not entitled to have

this time credited against his federal sentence); Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971) (". . . petitioner was exclusively in state custody for a state parole violation except when appearing in federal court via writ of habeas corpus ad prosequendum."). The "loan" of a state prisoner under federal writ of habeas corpus ad prosequendum does not relinquish the state's primary jurisdiction over the prisoner. Causey v. Civilette, 621 F.2d 691, 693 (5th Cir. 1980). Federal custody commences only when the state authorities relinquish the prisoner after his satisfaction of the state obligation. United States v. Smith, 812 F. Supp. 368, 370-71 (E.D.N.Y. 1993).

The BOP determined that Rios-Perez was not entitled to any credit for April 21 to April 22, 2004, or January 28 to December 8, 2006, because he was in the primary custody of state authorities and that time was credited towards his state sentence. (Doc. No. 7-1, pp. 4, 27). Rios-Perez's request for credit was denied by the BOP pursuant to its Program Statement 5880.28, Sentence Computation Manual (CCA of 1984). Consistent with the § 3585 statutory prohibition against double credit, the Program Statement specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Id. Here, both periods for which Rios-Perez requested credit were credited against another sentence—his separate state term of imprisonment. Because Rios-Perez received credit for these periods on his state sentence, he is not entitled to credit on his federal sentence. See 18 U.S.C. § 3585(b); see also Canword v. Pastrana, 352 Fed. App'x. 393, 394-95 (11th Cir. 2009) (affirming denial of § 2241 requesting prior credit for time spent serving first federal sentence prior to imposition of concurrent second federal sentence).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Rios-Perez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE