IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FREDDY RIOS-PEREZ,

   Petitioner,

vs.            CIVIL ACTION NO.: CV211-049

ANTHONY HAYNES, Warden,

   Respondent.

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Rios-Perez states that the Magistrate Judge's Report did not address the effect of 18 U.S.C. § 3584, *et seq.* and the sentencing judge's order that his sentence run concurrent with his state sentence.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Thus, under § 3585(b), a prerequisite to receiving credit for time served prior to the commencement of a federal sentence is that the time not be credited against any other sentence. The Supreme Court has explained that when Congress

enacted 18 U.S.C. § 3585 it "made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).

A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11 Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Rios-Perez's sentence commenced no earlier than December 8, 2006, the date of its pronouncement at his federal sentencing hearing. Both of the challenged periods predate the commencement of Rios-Perez's federal sentence. Rios-Perez's arguments concerning the effect of 18 U.S.C. § 3584, *et seq.* and the sentencing judge's order that his sentence run concurrent with his state sentence do not affect the outcome of his petition.

Rios Perez's Objections to the Magistrate Judge's Report and Recommendation are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Rios-Perez's 28 U.S.C. § 2241 Petition is **DENIED**.

**SO ORDERED**, this 17 day of June, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA